# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARIO P. TELLO,                          )
                                         )
                Plaintiff,               )          Case No.: 2:12-cv-01040-GMN-NJK
        vs.                              )
                                         )                    **ORDER**
BANK OF AMERICA N.A.; RECONTRUST         )
COMPANY N.A.; MORTGAGE ELECTRONIC        )
REGISTRATION SYSTEMS, INC.; THE BANK     )
OF NEW YORK MELLON *formerly known as* THE )
BANK OF NEW YORK, *as Trustee for* THE   )
CERTIFICATE HOLDERS OF CWALT, INC.       )
ALTERNATIVE LOAN TRUST 2005-51           )
MORTGAGE PASS-THROUGH CERTIFICATES       )
SERIES 2005-51,                          )
                                         )
                Defendants.              )
_____)

        This action arises out of foreclosure proceedings initiated against the property of *pro se*

Plaintiff Mario P. Tello, and is filed against Defendants Bank of America, N.A. ("Bank of

America"); ReconTrust Company, N.A. ("ReconTrust"); Mortgage Electronic Registration

Systems, Inc. ("MERS"); and The Bank of New York Mellon ("Bank of New York")

(collectively, "Defendants").  Before the Court is Defendants' Motion to Dismiss (ECF No. 5).

Plaintiff filed a Response (ECF No. 15) and Defendants filed a Reply (ECF No. 20).

## I.  BACKGROUND

        Plaintiff originally filed this action in state court on May 29, 2012, and it was removed

to this Court on June 19, 2012. (ECF No. 1.)  Plaintiff requests declaratory and injunctive relief

based on six causes of action: (1) negligent supervision; (2) common law fraud and injurious

falsehood; (3) per se violations of Chapter 107 of the NRS; (4) per se conspiracy to defraud and

ongoing fraudulent activity in violation of NRS 205.395; (5) slander of title; and (6) per se

violation of unfair and deceptive trade practices.

In his Complaint, Plaintiff refers to at least seventeen (17) exhibits that were purportedly attached to the Complaint; however, the Court has not been provided these exhibits in Defendants' Petition for Removal, the parties' Joint Status Report[1], nor in any corrected filing by Plaintiff. Accordingly, to the extent that the exhibits referred to by Plaintiff match in description the publicly recorded documents provided by Defendants, the Court refers to those documents as part of Plaintiff's Complaint (*see* Exs. 1-4, 6 to Mot. to Dismiss, corresponding to Plaintiff's referenced Exhibits 2, 6-8, 14). The remaining exhibits referenced by Plaintiff have not been produced to the Court in any form, including letters sent by certified mail (*see* Compl., 5:¶¶18, 20-23, 25-26, 6:¶27, referring to Exhibits 9-13, 15-17), the loan Note (*see* Compl., 4:¶10, referring to Exhibit 1), the Second Deed of Trust (*see* Compl., 4:¶12, referring to Exhibit 3), and the August 22 and September 21, 2005 Substitution of Trustee documents (*see* Compl., 4:¶¶13-14, referring to Exhibits 4-5). Accordingly, to the extent necessary, the Court analyzes Plaintiff's allegations with regard to these exhibits solely based on his descriptions in the Complaint.

In 2005, Plaintiff executed a loan Note for $292,000 and Deed of Trust on the property located at 945 Purdy Lodge Street, Las Vegas, 89138, APN#: 137-34-811-011 ("the property"). (Compl., 4:¶¶9-11; Deed of Trust, Ex. 1 to Mot. to Dismiss.) The Deed of Trust names Mortgage IT as the Lender, Equity Title of Nevada as the Trustee, and MERS as the

---

[1] Pursuant to the Court's June 19, 2012, Minute Order, the removing parties were required to file a Joint Status Report within thirty days which must:

> Include as attachments copies of any pending motions, responses and replies thereto, and any prior court orders **or other matters requiring the court's attention which have not previously been filed and are not available on the federal docket for review by this court**. Please note that documents filed in the state case are not available to this court for review unless they are attached to the Petition for Removal, the Statement Regarding Removal, or re-filed in federal court.

(Order, June 19, 2012, ECF No. 3 (emphasis added).)

beneficiary solely as nominee for the Lender and Lender's successors and assigns. (Deed of Trust, Ex. 1 to Mot. to Dismiss.)

On August 17, 2009, Fidelity National Default Solutions recorded a Notice of Default as agent for ReconTrust, as agent for the Beneficiary, which was signed by Anselmo Pagkaliwangan for LSI Title Agency, Inc., as agent. (Compl., 4:¶15; Notice of Default, Ex. 2 to Mot. to Dismiss.)  The Notice of Default states that ReconTrust "is the duly appointed Trustee" under the Deed of Trust, and does not name the beneficiary other than MERS. (Notice of Default, Ex. 2 to Mot. to Dismiss.)

On August 21, 2009, the beneficial interest in the Deed of Trust was transferred to Bank of New York in a "Corporation Assignment of Deed of Trust Nevada" ("Assignment") that was executed by "the undersigned" and signed by Angela Nava, "Assistant Secretary" under the signature block of MERS. (Compl., 4:¶16; Assignment, Ex. 3 to Mot. to Dismiss.)

On October 23, 2009, ReconTrust was named Trustee in a Substitution of Trustee executed by "the undersigned" as "the present Beneficiary" under the Deed of Trust, and signed by Angela Nava, "Assistant Secretary" under the signature block of:

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-51 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-51 BY BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP AS AIF.

(Compl., 5:¶17; Substitution of Trustee, Ex. 4 to Mot. to Dismiss; *see* Fig. 1 "Substitution of Trustee Signature".)



**Figure 1. Substitution of Trustee Signature (Substitution of Trustee, Ex. 4 to Mot. to Dismiss.)**

The Substitution of Trustee was dated September 10, 2009, and recorded on October 29, 2009. (Substitution of Trustee, Ex. 4 to Mot. to Dismiss.)

On April 12, 2010, a Notice of Trustee's Sale was recorded by ReconTrust as Trustee. (Compl., 5:¶24; Notice of Trustee's Sale, Ex. 6 to Mot. to Dismiss.)  However, in their motion, Defendants represent that "[t]he foreclosure sale has not gone forward to date" and Plaintiff does not dispute this statement in his Response.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the

amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   **DISCUSSION**

Here, the Court finds adequate basis to dismiss Plaintiff's Complaint pursuant to Rule 8(a)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, but will dismiss the Complaint without prejudice, particularly in light of the fact that Plaintiff may be able to cure the deficiencies in his Complaint by attachment of the missing exhibits, or by further <u>factual</u> support.  To the extent that Defendants request dismissal of the Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, the Court finds that Defendants have failed to provide adequate basis for dismissal of the Complaint on these grounds, and will deny the request without prejudice, with leave to re-file as a separate motion consistent with the briefing requirements of the United States District Court for the District of Nevada.

### A.   **Plaintiff's allegations**

In his first cause of action for negligent supervision, Plaintiff describes the violations solely as "Defendant's employees and/or agents' actions, as alleged previously." (Compl., 25:¶166.)

In his second cause of action for common law fraud and injurious falsehood, he describes the violations as misrepresentations in the "publicly filed false mortgage assignments," and describes no other misrepresentations or violations. (Compl., 26:¶173.)

In his third cause of action for *Per se* Violations of Chapter 107, Nevada's foreclosure statute, Plaintiff assails the Notice of Default by alleging that it "does not strictly comply with NRS 107.080" in that it:

(1) "does not adequately describe the deficiency," pursuant to section 107.080(3)(a);

(2) "does not state the correct period to cure the deficiency" pursuant to section

107.080(2)(b);

(3) does not comply with section 107.080(2)(b) and (3) "because Recontrust was not registered in the State of Nevada when it recorded the [Notice of Default]";

(4) does not comply with section 107.080 generally "because Pagkaliwangan did not have the authority to act on behalf of RECONTUST [sic] and he lacks personal knowledge as to what he claims to attest to in the [Notice of Default];

(5) does not "comply with the requirement that the only entity entitled to foreclose is the Lender or a transferee of the Note or the beneficiary who hold the right to collect the funds under the Note or the beneficiary or trustee designated by the Note Holder." (Compl., 27-28:¶183.)  Plaintiff also alleges that "the Note does not meet the conditions necessary to enforce due to the fact that it lacks the proper endorsements and was not even presented in a timely manner during the foreclosure process." (Compl., 28:¶184.)

In his fourth cause of action for *Per se* conspiracy to defraud and ongoing fraudulent activity in violation of Nev. Rev. Stat. § 205.395, Plaintiff alleges conspiracy to commit fraud relating to the publicly recorded foreclosure documents. (Compl., 28:¶¶189-191.)

In his fifth cause of action Plaintiff alleges slander of title relating to Defendants' purported authority to execute the Notice of Default, Notice of Trustee's Sale, the Assignment, and the Substitution of Trustee. (Compl., 29:¶196.)  Plaintiff also alleges that Bank of New York has no claim for enforcement of the Note or Deed of Trust. (Compl., 30:¶200.)  Plaintiff does not specify how Defendants' alleged false assertions of authority disparaged title to his property, and does not allege that he was not in default.

In his sixth cause of action Plaintiff alleges *Per se* violation of unfair and deceptive trade practices pursuant to Nevada's deceptive trade practices statutes, Chapters 598 and 589A, where Defendants "knowingly misrepresented the legal rights, obligations or remedies of the Plaintiff in his transactions with the true Note Holder by acting as if they had a valid interest in

the NOTE and [Deed of Trust] thereby intentionally violating NRS 598.092." (Compl., 31:¶213, 32:¶218.)

### B.   Analysis

Plaintiff's Complaint is primarily deficient in that it alleges insufficient factual basis to support any of his causes of action.  Even where the Court may take judicial notice of the publicly recorded foreclosure documents, the Court nevertheless finds no factual basis to support Plaintiff's allegations that Defendants violated Chapter 107 of the Nevada Revised Statutes or foreclosed improperly pursuant to Nevada's foreclosure statute.  The Court agrees with Defendants that Plaintiff's allegation that "the debt has been discharged in full" because of securitization (Compl., 15:¶115) has no basis in law or fact, and that this allegation does not support any of Plaintiff's causes of action.  Furthermore, as discussed below, Plaintiff's causes of action sounding in fraud fail to satisfy the required pleading standards to plead with specificity, and will be dismissed with leave to amend.

Importantly, Plaintiff concedes in his Complaint that his loan went into default. (Compl., 10:¶65.)  He alleges that "[t]here is no evidence of transfer of ownership from the original lender to the Defendant" (Compl., 13:¶99), but also refers to the Assignment that transferred the beneficial interest to Bank of New York (Compl., 4:¶16).  The foreclosure documents described above, and in Plaintiff's Complaint demonstrate an apparent compliance with Nevada's foreclosure statutes, and Plaintiff provides no specific basis on which the Court should find otherwise.

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b).  A

complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.*  Plaintiff's allegations sounding in fraud, discussed above, fail to comply with the requirements to plead with specificity.

As to Plaintiff's sixth cause of action, courts have recognized that the Deceptive Trade Practices Act does not apply to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 . . . applies only to goods and services and not to real estate loan transactions"); *Alexander v. Aurora Loan Servs.*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortg. Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a mortgage foreclosure").

For these reasons, discussed above and in Defendants' motion, the Court will dismiss Plaintiff's Complaint without prejudice, with leave to re-file if he can cure the identified deficiencies.

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 5) is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice, with leave to re-file an amended Complaint by **<u>Monday, April 22, 2013</u>**, curing the deficiencies identified in this Order.  Failure

to do so by this deadline will result in dismissal of this action with prejudice.

**DATED** this 29th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge