UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mario P. Tello, | |
|           Plaintiff, | Case No.: 2:12-cv-01040-GMN-NJK |
| vs. | |
| | **ORDER** |
| Bank of America N.A.; ReconTrust Company N.A.; Mortgage Electronic Registration Systems, Inc.; The Bank of New York Mellon, | |
|           Defendants. | |

This action arises out of foreclosure proceedings initiated against the property of *pro se* Plaintiff Mario P. Tello, and is filed against Defendants Bank of America, N.A. ("Bank of America"); ReconTrust Company, N.A. ("ReconTrust"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and The Bank of New York Mellon ("Bank of New York") (collectively, "Defendants").  Before the Court is Defendants' Motion to Dismiss (ECF No. 48).  Plaintiff filed a Response (ECF No. 52) and Defendants filed a Reply (ECF No. 54).

## I. BACKGROUND

Plaintiff originally filed this action in state court on May 29, 2012, and it was removed to this Court on June 19, 2012. (ECF No. 1.)  On March 29, 2013, the Court entered an Order (ECF No. 45) dismissing Plaintiff's original Complaint without prejudice, with leave to file an amended pleading.  On April 22, 2013, Plaintiff filed his First Amended Complaint (ECF No. 47), to which Defendants responded with the instant Motion to Dismiss (ECF No. 48).

With his First Amended Complaint, Plaintiff requests declaratory and injunctive relief based on five causes of action: (1) intentional misrepresentation; (2) negligence/lack of standing to judicially foreclose; (3) breach of contract; (4) unjust enrichment; and (5) violations of Nevada Deceptive Trade Practices Act / consumer protection statutes. (ECF No. 47.)

In his original Complaint, Plaintiff referred to at least seventeen exhibits that were purportedly attached to the Complaint, however the Court had not been provided these exhibits in Defendants' Petition for Removal, the parties' Joint Status Report[1], nor in any corrected filing by Plaintiff.  Now, in Plaintiff's First Amended Complaint, multiple exhibits have been submitted by Plaintiff in support of his claims.

In 2005, Plaintiff executed a loan Note for $292,000 and Deed of Trust on the property located at 945 Purdy Lodge Street, Las Vegas, 89138, APN#: 137-34-811-011 ("the property"). (First Am. Compl., 5:¶11; Promissory Note, Ex. B; Deed of Trust, Ex. C.)  The Deed of Trust names Mortgage IT as the Lender, Equity Title of Nevada as the Trustee, and MERS as the beneficiary solely as nominee for the Lender and Lender's successors and assigns. (Deed of Trust, Ex. C.)

On August 17, 2009, Fidelity National Default Solutions recorded a Notice of Default as agent for ReconTrust, as agent for the Beneficiary, which was signed by Anselmo Pagkaliwangan for LSI Title Agency, Inc., as agent. (First Am. Compl., 8-9:¶23; Notice of Default, Ex. G.)  The Notice of Default states that ReconTrust "is the duly appointed Trustee" under the Deed of Trust, and does not name the beneficiary other than MERS. (Notice of Default, Ex. G.)

On August 21, 2009, the beneficial interest in the Deed of Trust was transferred to Bank of New York in a "Corporation Assignment of Deed of Trust Nevada" ("Assignment") that was

---

[1] Pursuant to the Court's June 19, 2012, Minute Order, the removing parties were required to file a Joint Status Report within thirty days which must:

> Include as attachments copies of any pending motions, responses and replies thereto, and any prior court orders **or other matters requiring the court's attention which have not previously been filed and are not available on the federal docket for review by this court**. Please note that documents filed in the state case are not available to this court for review unless they are attached to the Petition for Removal, the Statement Regarding Removal, or re−filed in federal court.

(Order, June 19, 2012, ECF No. 3 (emphasis added).)

executed by "the undersigned" and signed by Angela Nava, "Assistant Secretary" under the signature block of MERS. (First Am. Compl., 9:¶24; Assignment, Ex. 3 to Mot. to Dismiss, ECF No. 5.)

On October 23, 2009, ReconTrust was named Trustee in a Substitution of Trustee executed by "the undersigned" as "the present Beneficiary" under the Deed of Trust, and signed by Angela Nava, "Assistant Secretary" under the signature block of:

> THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-51 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-51 BY BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP AS AIF.

(First Am. Compl., 9:¶25; Substitution of Trustee, Ex. I; *see* Fig. 1 "Substitution of Trustee Signature".)

**Figure 1. Substitution of Trustee Signature (Substitution of Trustee, Ex. I to First Am. Compl.)**

The Substitution of Trustee was dated September 10, 2009, and recorded on October 29, 2009. (Substitution of Trustee, Ex. I.)

On April 12, 2010, a Notice of Trustee's Sale was recorded by ReconTrust as Trustee. (First Am. Compl., 12:¶36; Notice of Trustee's Sale, Ex. O.) However, the parties do not indicate that a sale has occurred.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court views Plaintiff's pleadings with appropriate leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III. DISCUSSION**

The Court previously dismissed Plaintiff's Complaint pursuant to Rule 8(a)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, without prejudice, finding that Plaintiff might be able to cure the deficiencies in his Complaint by attachment of missing exhibits, or by

further factual support. (ECF No. 45.)

With his First Amended Complaint, Plaintiff has stated different causes of action from his original Complaint, but has submitted publicly recorded documents relating to the property in support of his allegations.

Here, as discussed below, the Court finds that Plaintiff has failed to cure the deficiencies in his pleadings, and that it is clear these deficiencies cannot be cured by amendment. Accordingly, Defendants' motion will be granted, and the action will be dismissed with prejudice.

**A. Intentional Misrepresentation**

In his first cause of action for intentional misrepresentation, Plaintiff describes his refinancing of his mortgage, and alleges that Defendants falsely represented to him that the original loan would be "cancelled/discharged/satisfied" upon refinancing. (First Am. Compl., 16-17.)

To state a claim for fraud or misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b).

A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.*

Here, the Court cannot find that Plaintiff's allegations sounding in fraud satisfy the

requirements to plead with specificity, particularly where the loan documents provided to the Court appear to contradict Plaintiff's allegation that the refinancing of his mortgage failed to resolve his obligations under the original loan. Accordingly, the Court must find that Plaintiff has failed to state a legally cognizable claim and the grounds upon which it rests as to this cause of action, and it will be dismissed with prejudice.

### B. Negligence/ Lack of Standing to Non-Judicially Foreclose

In his second cause of action for negligence / lack of standing to non-judicially foreclose, Plaintiff alleges that the publicly recorded documents relating to the property were "forged, or come by through illegal means." (First Am. Compl., 18:¶61.)

In Nevada, Chapter 107 of Nevada Revised Statutes, Nevada's foreclosure statute, provides a mechanism by which a plaintiff may bring a cause of action similar to lack of standing to foreclose. However, as discussed above, and in the Court's previous Order, the judicially noticeable documents provided to the Court, and Plaintiff's own allegations, fail to provide support for Plaintiff's factual allegations that Defendants have conducted foreclosure proceedings in violation of Nevada law.

To the extent that Plaintiff instead alleges a cause of action for fraud or misrepresentation in relation to these documents, the Court cannot find that Plaintiff has satisfied the pleading requirements showing a plausible violation on the part of Defendants. Accordingly, this cause of action must be dismissed with prejudice.

### C. Breach of Contract

With his third cause of action for breach of contract, Plaintiff alleges that Defendants breached the terms of the loan and the Deed of Trust with "the servicer's failure to properly credit Plaintiff's payments toward his loan," and "[w]hen the lender failed to have the prior loan cancelled." (First Am. Compl., 20:¶85, 21:¶86.)

In Nevada, a claim for breach of contract must allege (1) the existence of a valid

contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").

Here, and as discussed above, the Court cannot find any factual allegations or any other support justifying an inference that Defendants "failed to have the prior loan cancelled," or that any Defendant "fail[ed] to properly credit Plaintiff's payments toward his loan." Therefore, the Court cannot find that Plaintiff has alleged a plausible claim that Defendants breached the terms of the loan or that Plaintiff was damaged as a result. Accordingly, the Court must dismiss this cause of action with prejudice.

**D. Unjust Enrichment**

In Plaintiff's fourth claim for unjust enrichment, Plaintiff appears to allege that Defendants violated federal securities laws as a result of securitization of Plaintiff's mortgage, and that therefore Defendants were unjustly enriched at Plaintiff's expense. (First Am. Compl., 21-22.)

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam). Thus the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.*

Here, the Court cannot find that any of the judicially noticeable documents submitted to the Court support Plaintiff's allegations. Because Plaintiff provides no other factual basis for

the Court to infer that Defendants are "in possession of money or property which in good conscience and justice he should not retain but should deliver to another," the Court cannot find that Plaintiff has satisfied the pleading requirements as to this cause of action, and it will therefore be dismissed with prejudice.

### E. Violations of Nevada Deceptive Trade Practices Act / Consumer Protection Statutes

In his fifth cause of action Plaintiff alleges violations pursuant to Nevada's deceptive trade practices statutes, Chapters 598 and 589A, where Defendants "knowingly, willingly, wantonly and with malicious intent, made false representations to the Plaintiff and others concerning services," citing Nev. Rev. Stat. § 598.0915(5). (First Am. Compl., 22:¶95.)

As discussed in the Court's previous Order (ECF No. 45), courts have recognized that the Deceptive Trade Practices act does not apply to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 . . . applies only to goods and services and not to real estate loan transactions"); *Alexander v. Aurora Loan Servs.*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortg. Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a mortgage foreclosure").

Here, although Plaintiff refers to "services," Plaintiff has not alleged any factual basis supporting this cause of action other than as applied to real property transactions. Plaintiff provides no other basis for the Court to infer a plausible violation on the part of Defendants. Accordingly, this cause of action must be dismissed with prejudice.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 48) is **GRANTED**.

1  Plaintiff's First Amended Complaint is dismissed with prejudice, and the case shall be closed.

2

3        **DATED** this 3rd  day of January, 2014.

4

5

6                                _____
                              Gloria M. Navarro

7                                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25